```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION
```

TOMMY WALTON,                    §
                                 §
     Plaintiff,                  §
                                 §
v.                               §    CIVIL ACTION NO. H-13-1164
                                 §
3M COMPANY, ARIZANT HEALTHCARE,  §
INC., and ROBERT PRESTERA,       §
                                 §
     Defendants.                 §

                    MEMORANDUM AND ORDER

Pending is Plaintiff Tommy Walton's Motion to Remand (Document No. 7). After carefully considering the motion, response, reply, and the applicable law, the Court concludes for the reasons that follow that the motion should be denied.

### I. Background

This is a product liability personal injury case in which Plaintiff Tommy Walton ("Plaintiff") alleges that he was injured during hip-implantation surgery when a defective medical device used by his anesthesiologist introduced contaminants into his open surgical site.[1] Plaintiff alleges that the defective device, called the Bair Hugger Forced Air Warming Blanket ("Bair Hugger FAW"), was designed, manufactured, and marketed by 3M Company ("3M") and Arizant Healthcare, Inc. ("Arizant"). Plaintiff also alleges that Robert Prestera ("Prestera"), a district sales manager

---

[1] Document No. 1, ex. A ¶¶ 14, 16 (Orig. Pet.).

for Arizant and 3M, supplied the device to Houston Orthopedic Surgical Hospital where Plaintiff had his surgery.[2] Plaintiff brought suit against all three Defendants in state court, asserting manufacturing and design defects, breach of express and implied warranties, negligence, violations of the Texas Deceptive Trade Practices Act, failure to warn, negligent misrepresentation, fraudulent misrepresentation, and fraudulent concealment.

3M and Arizant removed this case to federal court, contending that this Court has jurisdiction based on complete diversity of citizenship because Prestera was improperly joined as a defendant.[3] Plaintiff moves to remand, contending that Prestera is a proper defendant in this suit.[4]

## II. Motion to Remand

### A. Improper Joinder Standard

To establish that a non-diverse defendant has been improperly joined, the removing party must prove either (1) actual fraud in

---

[2] Id. ¶¶ 17, 23. Plaintiff asserts the "Bair Hugger FAW consists of a portable heater/blower connected by a flexible hose to a disposable blanket that is positioned over . . . surgical patients. The system warms patients during surgery by blowing hot air on them." Id. ¶ 18. This hot air escapes and creates air flow currents which deposit "bacteria from the floor of the surgical room into the surgical site." Id. ¶ 19.

[3] Document No. 1. 3M is a citizen of Delaware and Minnesota and Arizant is a citizen of Minnesota, while Plaintiff and Prestera are both citizens of Texas. Id. ¶¶ 11-14.

[4] Document No. 7.

2

the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant. Ross v. Citifinancial, Inc., 344 F.3d 458, 461 (5th Cir. 2003). Here, Defendants do not assert that Plaintiff fraudulently pleaded jurisdictional facts, so only the second prong is at issue. Under this prong, "[t]he court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability" on the non-diverse defendant. Id. at 462. A reasonable basis for state liability requires that there be a *reasonable* possibility of recovery, not merely a *theoretical* one. Id. The Fifth Circuit has explained:

> [T]he standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6) because the court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim.

Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007) (citing Ross, 344 F.3d at 462-63); *accord* Travis v. Irby, 326 F.3d 644, 648-49 (5th Cir. 2003). Whether or not to "pierce the pleadings" is discretionary, and may be appropriate in order to identify the presence of discrete and undisputed facts that would preclude a plaintiff's recovery against the non-diverse defendant. Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004). The focus of this summary inquiry must be on whether the

3

defendant was improperly joined in order to defeat diversity, not on the overall merits of the plaintiff's case. Id. at 573.

The party claiming improper joinder bears a "heavy" burden of persuasion. Id. All factual allegations in the state court petition are considered in the light most favorable to the plaintiff, Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th Cir. 2005), and contested issues of fact and any ambiguities in state law must be resolved in favor of remand. Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007).

B. Analysis

The entirety of Plaintiff's specific allegations against Prestera are that he is a "district manager for Defendants 3M and Arizant," that he "supplied Houston Orthopedic Surgical Hospital with the Bair Hugger FAW used on Plaintiff," that he "works from an office in Katy, Texas," that he "failed to inform Houston Orthopedic Surgical Hospital or the Plaintiff of the risks inherent in using the Bair Hugger FAW, including the machines' propensity to cause infections in implant surgeries," and that he "represented to Houston Orthopedic Surgical Hospital and the public that the Bair Hugger FAW was safe for use in implant surgeries when it is not."[5]

---

[5] Document No. 1, ex. A ¶¶ 23, 25-26. Plaintiff also alleges that "Defendants have been aware of the pathogenic contamination of the airflow paths of Bair Hugger FAW blowers since at least 2009." Id. ¶ 22.

Defendants produce Prestera's affidavit, which Plaintiff does not controvert, verifying among other things that he "did not personally sell or distribute Bair Hugger FAW devices to Houston Orthopedic Surgical Hospital," that he "had no role in the development of any sales or promotional materials concerning the Bair Hugger FAW device," that he is not aware "of any defect associated with the Bair Hugger FAW device," that he "was not aware of any defects associated with the Bair Hugger FAW device, as alleged by Plaintiff, prior to or at the time of Plaintiff's surgery," that he "did not make any statements or representations to Houston Orthopedic Surgical Hospital personnel, or Plaintiff, concerning any issues related to the safety of the Bair Hugger FAW device," and that he has "never met Tommy Walton, the Plaintiff in this case, nor have I ever made any oral or written statements or representations to him."[6]

On this uncontroverted record, there is no reasonable possibility that Prestera can be held liable for failure to inform the hospital or Plaintiff about the alleged risks of the Bair Hugger FAW. Moreover, Prestera in any event did not have an independent duty to warn. *See* Morrow v. Wyeth, Civ. A. B-05-209, 2005 WL 2621555, at *4-6 (S.D. Tex. Oct. 13, 2005) (Tagle, J.) (finding sales representatives had no duty to warn separate from those of corporate defendants, and thus the sales representatives

---

[6] Document No. 9, ex. A ¶¶ 7, 8, 10.

5

were improperly joined); Id. at *4 ("Under Texas law, both negligence generally and the duty to warn specifically are duties of the corporation that do not create an independent duty in the employee.") (citing Leitch v. Hornsby, 935 S.W.2d 114, 117 (Tex. 1996).

Plaintiff argues that Prestera could be liable if he made affirmative misrepresentations. *See* Kingston v. Helm, 82 S.W.3d 755, 759 (Tex. App.–Corpus Christ 2002, pet. denied.) ("The law is well-settled that a corporate agent can be held individually liable for fraudulent statements or knowing misrepresentations even when they are made in the capacity of a representative of the corporation."). Plaintiff must plead and show something besides a theory, however, in the face of uncontroverted evidence that Prestera did not make any misrepresentations to hospital personnel or to Plaintiff concerning the safety of the Bair Hugger FAW device.[7] A bald, conclusory allegation of misrepresentation contrary to verified evidence demonstrating there was none, provides no reasonable basis to predict that Plaintiff will be able to establish that Prestera is liable. *See* Badon v. R J R Nabisco Inc., 224 F.3d 382, 393-94 (5th Cir. 2000) (finding no error in district court's determination that conspiracy claim against in-state defendants was fraudulent where defendants produced affidavits that they were not involved in conspiracy and plaintiffs

---

[7] Document No. 9, ex A ¶ 7 (Prestera Aff.).

failed to produce any controverting evidence).[8]  Accordingly, the Court finds that Prestera was improperly joined.

## III. Order

Based on the foregoing, it is

ORDERED that Plaintiff Tommy Walton's Motion to Remand (Document No. 7) is DENIED.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED at Houston, Texas, on this 22nd day of July, 2013.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

[8] Plaintiff relies on Carrion v. Ethicon Endo-Surgery, Inc., in which the court found that there was a reasonable possibility that a non-diverse medical device sales representative breached an independent duty of care to the decedent and granted the plaintiff's motion to remand. Civ. A. No. C-11-19, 2011 WL 649596 (S.D. Tex. Feb. 11, 2011) (Jack, J.). In Carrion, however, it was alleged that the representative personally marketed and sold the allegedly defective device and that he himself inspected it and failed to warn the hospital or surgeon that it was unsafe. Id. at *4. In this case, however, Plaintiff makes no allegations that Prestera personally inspected the Bair Hugger FAW at issue. See Document No. 1, ex. A ¶¶ 23-26. Moreover, Defendants' uncontroverted verified evidence is that Prestera did not personally sell or distribute Bair Hugger FAW devices to the hospital, and that Prestera made no representations to hospital personnel or to Plaintiff regarding the device's safety. Document No. 9, ex. 1 ¶¶ 7-8. Carrion is therefore inapplicable.

7